IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| SHEBA HARPER, | X X X | |
| Plaintiff, | X X | |
| vs. | X X | No. 03-2844-M1/V |
| PCA SECURITY, | X X | |
| Defendant. | X X X | |

ORDER OF DISMISSAL

Plaintiff Sheba Harper filed a pro se complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., on November 14, 2003. The Court issued an order on December 30, 2003 that, inter alia, granted leave to proceed in forma pauperis, denied appointment of counsel, and ordered the clerk to issue process and the marshal to effect service on the defendant. A return of service was filed on March 12, 2004 indicating that the summons and complaint, which had been served by registered mail, were returned as undeliverable because the defendant had moved. Because the post office provided a forwarding address for the defendant, the Court issued an order on April 6, 2004 directing that the clerk issue another summons and that the marshal attempt to serve the defendant at its new address. The defendant was served on April 26, 2004. The Court granted plaintiff leave to amend her complaint on July 27, 2004. To date, the defendant has not answered

the complaint, and the plaintiff has not asked the clerk to enter a default, pursuant to Fed. R. Civ. P. 55(a).

From the outset of this litigation, there has been a substantial question whether this Court has subject-matter jurisdiction over the plaintiff's Title VII claim, as it appeared likely that the defendant, PCA Security, had fewer than fifteen (15) employees.[1] The right to sue notice that was attached to the complaint indicated that the Equal Employment Opportunity Commission closed its file on the matter because it was unable to locate the respondent. Service on the defendant was made by serving its owner, Bobby Hobson.[2]

Magistrate Judge Diane K. Vescovo conducted scheduling conferences on July 22, 2004; August 26, 2004; and September 23, 2004. At one such conference, the plaintiff was advised concerning the procedures for filing a summary judgment motion. At another conference, it was disclosed that Mr. Hobson had filed a Chapter 13 bankruptcy petition on August 26, 2004. In re Hobson, No. 04-33231 (Bankr. W.D. Tenn.). The case was dismissed on March 3, 2005 because of the debtor's failure to make payments.

---

[1] Pursuant to 42 U.S.C. § 2000e(b), an "employer" is "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year."

[2] Although the complaint purported to name Hobson as an additional defendant, the Court previously dismissed the complaint with respect to him pursuant to Wathen v. General Electric Co., 115 F.3d 400, 405 (6th Cir. 1997). 12/30/03 Order at 1 n.1. Even if PCA Security were a sole proprietorship, Mr. Hobson is an "employer" within the meaning of Title VII only if he satisfies the requirements of 42 U.S.C. § 2000e(b).

2

Because of the length of time the case had been pending without any appreciable progress toward its resolution, the Court issued an order on January 4, 2005 that provided, in pertinent part, as follows:

> The Federal Rules of Civil Procedure contemplate the orderly disposition of cases. Plaintiff should advise the Court by proper motion within fifteen days of entry of this Order regarding any relief plaintiff seeks or, if plaintiff desires to dismiss the case pursuant to Rule 41.

01/04/05 Order at 2-3 (footnote omitted). In response, the plaintiff filed a document, entitled "Motion," that recited the factual basis for her claim.

The Court issued an order on June 24, 2005 scheduling a conference for July 21, 2005 "to discuss all issues in the case, including jurisdiction." The order directed Hobson to appear at the conference. At the conference, the Court addressed the jurisdictional issue, and Hobson stated that PCA Security was incorporated in the State of Tennessee but it is now defunct. The plaintiff was informed of her right to take discovery to establish the facts necessary to demonstrate subject-matter jurisdiction.

The Court issued an order on July 25, 2005 scheduling another conference for September 6, 2005 to address the jurisdictional issue. The order provided that "[t]he parties are directed to submit any additional materials bearing on the issue of jurisdiction." 07/25/05 Order at 1. A footnote to that order elaborated:

> This may include, for instance, documents from the State of Tennessee indicating the corporate status of PCA Security and the number of people PCA Security employed during the relevant time period as well as documents from

3

>  the City of Memphis Board of Education concerning any representations made by PCA as to the number of people it employed during the relevant time period.

Id. at n.1. At the conference, Mr. Hobson presented evidence that suggested, but did not conclusively establish, that the jurisdictional requirements of Title VII had not been satisfied. The plaintiff offered no evidence on the jurisdictional issue.

At the conclusion of the hearing, for the reasons stated at length on the record, the Court dismissed the case. The dismissal was prompted, in significant part, by the plaintiff's failure to satisfy her burden of coming forward with evidence sufficient to establish subject-matter jurisdiction. See, e.g., Nichols v. Muskingum College, 318 F.3d 674, 677 (6th Cir. 2003). Although the Court recognized that the evidence concerning the number of persons employed by the defendant was within the exclusive control of Mr. Hobson, the plaintiff has apparently not served discovery requests on the defendant or filed a motion asking that the clerk issue a subpoena to any third party. The Court also reiterated the reasons why appointment of counsel is not appropriate in this case and advised the plaintiff of her right to appeal to the United States Court of Appeals for the Sixth Circuit.

Accordingly, for the reasons stated herein and on the record at the conference on September 6, 2005, the Court DISMISSES

4

the case, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute.

    IT IS SO ORDERED this ___19___ day of September, 2005.

                                      JON PHIPPS McCALLA
                                      UNITED STATES DISTRICT JUDGE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 25 in case 2:03-CV-02844 was distributed by fax, mail, or direct printing on September 20, 2005 to the parties listed.

Sheba Harper
3063 Audrey Cove
Memphis, TN 38127

Honorable Jon McCalla
US DISTRICT COURT